UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HEINRICH CONRAD REINERT,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.  8:19-CV-01892-JLS<br>Case No.  8:15-CR-00035-JLS<br><br>**ORDER DENYING MOTION TO VACATE OR CORRECT FEDERAL SENTENCE** |

Presently before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (CV Doc. 18.)[1]  The matter is fully briefed.  (*See* CV Docs. 55 (Opp. (sealed)), 56 (Reply).)  As set forth below, the Court DENIES Petitioner's Motion.

## I.      BACKGROUND

On December 14, 2016, in a Second Superseding Indictment ("SSI"), Petitioner was charged with two counts of making a false statement in a passport application and use of a passport obtained by false statements in violation of 18 U.S.C. § 1542, thirty-two counts of mail fraud and wire fraud in violation of 18 U.S.C. § 1341 and § 1343, and five counts of failure to file a corporate tax return in violation of 26 U.S.C. § 7203.  (CR Doc. 51.)  On March 13, 2018, Petitioner entered into a Plea Agreement with the Government (CR Doc. 154) and, on the following day, he pleaded guilty to wire fraud as alleged in Count 2 (CR Doc. 155).  Defendant was thereafter sentenced to a term of imprisonment of 78 months, to be followed by three years' supervised release.  (CR Doc. 179.)  No appeal was filed.

On June 30, 2020, upon Petitioner's unopposed application and pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the Court ordered Petitioner's sentence to be reduced to time served.  (CR Doc. 240.)

Although Petitioner enumerates four separate grounds in support of the Motion currently before the Court (*see* Mot. at 5-13), his four separate grounds overlap significantly, and the grounds for his Motion are actually far more numerous.  (*Cf.* Reply at 3 (purporting to have raised "over 43 plus" constitutional violations).)  As set forth below, all Petitioner's claims other than for ineffective assistance of counsel are barred by his guilty plea and the failure to file an appeal.  On the merits, his ineffective assistance of counsel claims fail as well.

---

[1] Petitioner filed a number of other documents which are not properly considered part of the present Motion.  (*See* Doc. 41 at 1-2 & n.1.)

## II. WAIVER AND PROCEDURAL DEFAULT OF CLAIMS OTHER THAN INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's Motion was filed pursuant to 28 U.S.C. § 2255, which in relevant part provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner's constitutional claims (other than his ineffective assistance of counsel claims) that are based on events occurring before Petitioner entered his guilty plea are barred as a result of his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) ("[W]hile claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel [as to an ineffective assistance of counsel claim evaluated on collateral review], they are not themselves independent grounds for federal collateral relief."); *Mahrt v. Beard*, 849 F.3d 1164, 1170-71 (9th Cir. 2017) ("*Tollett* . . . provides that although freestanding constitutional claims are unavailable to habeas petitioners who plead guilty, claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead."). Here, when the Court accepted Petitioner's guilty plea, it found the guilty plea was supported by a sufficient factual basis and was voluntarily and intelligently made. (*See generally* CR. Doc. 217, Mar. 14, 2018 Tr. at 9-48 (change of plea hearing).) All claims other than ineffective assistance of counsel[2] are therefore barred by the *Tollett* exception.

---

[2] *Tollett* itself allows a petitioner to "attack the voluntary and intelligent character of the guilty plea." *Tollett*, 411 U.S. at 266-67. Petitioner does not raise this type of claim. If raised, the record and the Court's findings at the change of plea hearing would preclude relief based on such a claim.

Moreover, because Petitioner did not file an appeal, as a general matter, all his claims are procedurally defaulted. To overcome procedural default, a petitioner must demonstrate cause and actual prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted). Ineffective assistance of counsel constitutes "cause" sufficient to excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel, then, is cause for a procedural default."); *Walker v. Martel*, 709 F.3d 925, 938 (9th Cir. 2013) ("Constitutionally ineffective assistance of counsel plus actual prejudice will satisfy this test and allow habeas review of a procedurally defaulted claim."); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (noting that the mere "*possibility* of prejudice" will not meet this "cause and prejudice" standard and instead a petitioner must establish that errors "worked to his *actual* and substantial disadvantage") (emphasis in the original).

Thus, because a petitioner who establishes ineffective assistance of counsel also establishes the necessary "cause" to overcome procedural default, the Court considers the merits of Petitioner's ineffective assistance of counsel claims below. All other constitutional claims related to the prosecution of Petitioner[3] are procedurally defaulted and are barred for this reason.

Consistent with the broad construction generally afforded pro se filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court broadly construes Petitioner's ineffective assistance of counsel ("IAC") claims to include claims related to pretrial proceedings, sentencing, and post-sentencing. Specifically, Petitioner's pretrial IAC claims include the failure to challenge prosecutorial error and misconduct by moving to dismiss and the failure to challenge the constitutionality of searches and seizures.

---

[3] Still other of Petitioner's complaints are misplaced in the present Motion. For instance, Petitioner challenges to his conditions of confinement (Mot. at 6), but to the extent any such claims are not moot due to his release, they cannot be remedied pursuant to § 2255. *See United States v. Pararas-Carayannis*, 238 F.3d 432 (9th Cir. 2000) ("Section 2255 pertains to the legality of imprisonment, while petitions that challenge the manner, location, and conditions of a sentence's execution must be brought under section 2241 . . . .").

His sentencing IAC claims include the failure to ensure Petitioner reviewed the Revised Presentence Report and the failure to object to the two-point Sentencing Guideline enhancement for obstruction of justice.  Finally, post-sentencing, Petitioner challenges counsel's failure to perfect an appeal.

### III. LEGAL STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

To establish ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his or her defense.  *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005) ("Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice, . . . with performance being measured against an objective standard of reasonableness under prevailing professional norms . . . .") (internal quotation marks omitted).  "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).

To establish deficient performance, a petitioner must show that, in light of all the circumstances, counsel's performance was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  "Judicial scrutiny of counsel's performance must be highly deferential," and must be evaluated from counsel's perspective at the time of the challenged conduct rather than with the benefit of hindsight.  *Id.* at 689.  Counsel's conduct must be "reasonable[] under prevailing professional norms." *Id.* at 688; *accord Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003).  Due to the difficulties inherent in making this evaluation, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  A petitioner for post-conviction relief "must overcome [this] presumption." *Id.* (internal quotation marks omitted).

To establish *Strickland*-type prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Stated otherwise, to prove prejudice, a petitioner must show more than "the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Courts are concerned with whether "the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id.* at 696. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Where a defendant pleads guilty, *Strickland*-type prejudice "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process[,] . . . and a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)

## IV. PETITIONER HAS NOT ESTABLISHED INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Pretrial Proceedings

Petitioner contends that counsel's failure to move to dismiss based on prosecutorial error and misconduct and failure to challenge the constitutionality of searches and seizures constitute ineffective assistance of counsel. During much of the relevant pretrial period, Petitioner was represented by Attorney John W. Barton. (*See* Doc. 55 at 33-42, Barton Decl. ¶ 3 (counsel represented Petitioner July 12, 2017 through Feb. 16, 2018); *cf.* CR Docs. 115 (order appointing Attorney Barton).) During this time, Attorney Barton successfully sought a pre-plea report (*see* CR Docs. 117, 122-23, 125) and filed three motions: a Motion in Limine to Exclude "other acts" evidence and felony convictions (CR. Doc. 138), a Motion for an Order requiring the Government to disclose evidence it intended to use in its case-in-chief

(CR Doc. 139), and a Motion to Suppress Evidence (CR Doc. 140).

Attorney Barton described his actions during this time period in a ten-page Declaration.[4] Attorney Barton met with Petitioner twelve times in seven-and-a-half months, and the two emailed each other regularly. (Barton Decl. ¶ 9.) Assisting Attorney Barton were an investigator, a paralegal, and a forensic accountant. (Barton Decl. ¶ 8.) The investigator and paralegal also met with Petitioner several times without Attorney Barton. ((Barton Decl. ¶ 9.)

Attorney Barton explains that "[w]ithin weeks of being appointed, [Petitioner] Reinert provided him with a list of motions he wanted to be filed, . . . [including] a motion to dismiss the Indictment for prosecutorial misconduct and outrageous government conduct, a motion to dismiss for a violation of his speedy trial rights, a motion to suppress items seized during the "search" of his mailbox, and a motion to suppress items seized during the execution of a search warrant." (Barton Decl. ¶ 6.) Attorney Barton reviewed these requests, including an 83-page draft of a motion Petitioner may have prepared, and looked for support in the record, but eventually filed only the three motions referenced above. (*See* Barton Decl. ¶¶ 6-7.) He did so after investigation into the record and communication with Petitioner about legal strategy. (Barton Decl. ¶¶ 10-11.) For instance, after review of the grand jury transcripts, Attorney Barton concluded that the record would not support a claim for prosecutorial misconduct or presentment of false testimony. (Barton Decl. ¶¶ 14-15 ("I explained the standard to prove misconduct is high, and in his case, the facts were nonexistent supporting such motion.").) Attorney Barton communicated to Petitioner regarding Petitioner's suggested pretrial motions and regarding counsel's decisions to refrain from filing such motions which, in counsel's view, lacked legal grounds and/or

---

[4] Ineffective assistance of counsel claims effectuate a waiver of attorney-client privileged communications. *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). Petitioner was given the opportunity to withdraw these claims to preserve the privilege, but he declined. (*See* CR Docs. 225, 229.)

lacked support in the record. (*See* Barton Decl. ¶¶ 16-21 (discussing motions related to, *e.g.*, suppression of evidence due to search warrant issues, speedy trial rights, violation of due process).)

On February 16, 2018, Attorney Philip Deitch was substituted at the request of Petitioner. (*See* CR Doc. 144.) And shortly thereafter, on March 9, 2018, the Court ruled on the Motions filed by Attorney Barton. (Doc. CR 152.) Within days after the Court's ruling, Petitioner entered into the Plea Agreement. (Doc. 154.)

On this record, Petitioner has failed to establish deficient performance by counsel. The legal standard by which defense counsel's performance is measured under *Strickland* is highly deferential and presumed to "fall[] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The record establishes that Attorney Barton considered and rejected most of the motions proposed to be filed by Petitioner. Significantly, he filed three motions, underscoring the fact that the decision to reject certain proposals by Petitioner were reasoned decisions rather than mere oversight or carelessness. On the present record, Petitioner has not established that counsel's performance was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

**B.    Sentencing**

Attorney Philip Deitch was Petitioner's counsel at the time of sentencing. *See generally* Doc. 55 at 226-29, Deitch Decl.)

Petitioner's claim that he was surprised by the contents of the Revised PSR as it relates to the two-point enhancement for obstruction of justice and the Sentencing Guideline range of 78 to 97 months' imprisonment is not consistent with the record: both the original and the Revised PSR recommend the two-point enhancement and both identify the same Sentencing Guidelines range. (*Compare* CR Doc. 161, PSR at 3, ¶¶ 40, 50-51 *with* CR Doc. 175 Rev. PSR at 3, ¶¶ 40, 50-51.)[5] Thus, even if

---

[5] Petitioner appears to believe that the original PSR recommended 63 months. (*See* Mot. at 19.) This may be based on another document. The United States Probation Office ("USPO"), in its Disclosed Recommendation Letter (CR Doc. 160) and Revised Disclosed Recommendation Letter

Petitioner was not shown the Revised PSR, he cannot establish he was prejudiced by this failure.

Moreover, the record is clear that counsel presented a reasoned objection to the two-point enhancement for obstruction of justice. (CR Doc. 170, Def. Pos. Stmt. at 11-13; CR Doc. 177, Def. Reply at 6-10.) It is true that the Court rejected this argument and imposed a term of imprisonment at the low end of the Guidelines range set forth in the PSR (and the Revised PSR), that is, 78 months. Counsel's assistance is not defective merely because he fails to prevail. Here, the record makes clear that Attorney Deitch's assistance was not deficient. Under *Strickland*, his performance is entitled to a "strong presumption that [his] conduct [fell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner has not overcome this presumption.

### C. Failure to Appeal

Couched as an "[a]bandonment by counsel" (Mot. at 6), Petitioner apparently contends that counsel's performance was deficient based upon his failure to file and perfect an appeal. The range of issues Petitioner could raise on appeal was severely limited because of his guilty plea, and was limited further still by the terms of the Plea Agreement. (*See* Plea Agreement ¶¶ 17-18). Petitioner fails to explain any basis for an appeal. The Court discerns none. In the absence of a basis for an appeal, counsel's performance in filing to file and perfect one cannot be deficient.

In short, none of the bases asserted for ineffective assistance of counsel are sufficient to overcome the *Strickland* presumption, and therefore the remainder of Petitioner's claims fail. In the absence of a meritorious claim, the Court DENIES Petitioner's § 2255 Motion.

### V. DENIAL OF CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the

---

(CR Doc. 174) recommended 63 months, but that Letter's recommendation "incorporate[d] a downward variance." *Id.* at 1. The Court rejected the recommended downward variance and instead imposed the low-end of the Guideline Sentence.

district court to issue or deny a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B) when a final order adverse to the petitioner is entered.  A certificate of appealability may be issued only when the petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Petitioner has not made this showing here.  Accordingly, the Court DENIES the issuance of a certificate of appealability.

Petitioner is directed to Federal Rule of Appellate Procedure 4(a), which sets forth time limitations for the filing of an appeal, and to Federal Rule of Appellate Procedure Federal Rule of Appellate Procedure 22(b)(1)-(2), which relates to Certificates of Appealability.

## VI.   CONCLUSION

The Court DENIES Petitioner's § 2255 Motion.  The Court DENIES the issuance of a certificate of appealability.  Separately, the Court enters Judgment.

**IT IS SO ORDERED.**

Dated:  September 30, 2021

Hon. Josephine L. Staton
United States District Judge